**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LANGSAM HEALTH SERVICES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARDEN MANOR REHAB AND | ) |
| NURSING OF SOUTHWEST, LLC | ) |
| d/b/a/ EMERALD CARE CENTER | ) |
| SOUTHWEST, LLC; GARDEN | ) |
| MANOR REHAB AND NURSING OF | ) |
| TULSA, LLC d/b/a/ EMERALD CARE | ) |
| CENTER TULSA; GARDEN MANOR | ) |
| REHAB AND NURSING OF MIDWEST | ) |
| CITY, LLC d/b/a/ EMERALD CARE | ) |
| CENTER MIDWEST CITY, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Langsam Health Services, LLC, doing business as both Omnicare of Oklahoma City and Omnicare of Tulsa ("Omnicare"), by and through its attorneys at Ballard Spahr LLP, pleads as follows:

## INTRODUCTION

1.      This is an action seeking damages for account stated, breach of contract, unjust enrichment and for violations of the Delaware Commercial Code based on Defendants' failure to remit timely payment to Omnicare, premised on contracts in which each Defendant agreed to pay Omnicare for the provision of pharmaceutical goods and services.

2.      Omnicare is an institutional pharmacy that provides such goods and services to long-term care institutions and skilled nursing facilities, including assisted living centers. Omnicare provided such goods and services to each Defendant in connection with its facility(ies).

3.      Through this action, Omnicare seeks an award of damages that is at least equal to the amount owed to it for the products supplied and services rendered to Defendants.

## THE PARTIES

4.      Omnicare is a limited liability company, the sole member of which is NeighborCare Pharmacy Services, Inc. ("NeighborCare"). NeighborCare is incorporated under the laws of the State of Delaware and maintains its principal place of business in the State of Ohio.

5.      Defendant Garden Manor Rehab and Nursing of Southwest, LLC d/b/a Emerald Care Center Southwest, LLC ("the Southwest Facility") is an Oklahoma limited liability company located at 5600 S. Walker Avenue, Oklahoma City, OK 73109. Upon information and belief, the members of the Midwest Facility are citizens of either Oklahoma or New York, and none are citizens of either Delaware or Ohio.

6.      Defendant Garden Manor Rehab and Nursing of Tulsa, LLC d/b/a Emerald Care Center Tulsa ("the Tulsa Facility") is an Oklahoma limited liability company located at 2425 S. Memorial Drive, Tulsa, OK 74129. Upon information and belief, the members of the Midwest Facility are citizens of either Oklahoma or New York, and none are citizens of either Delaware or Ohio.

7.      Defendant Garden Manor Rehab and Nursing of Midwest City, LLC d/b/a Emerald Care Center Midwest ("the Midwest Facility") is an Oklahoma limited liability company located at 2900 Parklawn Drive, Midwest City, OK 73110. Upon information and belief, the members of the Midwest Facility are citizens of either Oklahoma or New York, and none are citizens of either Delaware or Ohio.

8.      Below, the Southwest Facility, Tulsa Facility, and Midwest Facility are referred to collectively as the "Emerald Facilities."

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the matter in controversy exceeds $75,000.

10.     This Court has personal jurisdiction over the parties because each Facility Defendant irrevocably submitted to the jurisdiction of this Court in the contracts at issue, which are described below. Moreover, in those contracts, the parties each explicitly waived the right to assert lack of jurisdiction as a defense to any dispute or controversy arising from those contracts.

11.     Venue is proper here because the parties each stipulated and agreed in the contracts at issue that the state and federal courts of the State of Delaware have jurisdiction over any dispute or controversy arising from those contracts, to the exclusion of any and all other possible venues. They further agreed that their respective rights and obligations would be governed by Delaware law, and explicitly agreed to waive all challenges to improper venue and forum non conveniens.

## FACTS

12.     Omnicare is in the business of providing pharmaceutical goods and related services to long-term care facilities and skilled nursing facilities, including nursing homes.

13.     Omnicare is qualified, licensed, and capable of providing (and does in fact provide) prescription and nonprescription pharmaceutical products, parenteral nutritional supplies, and intravenous supplies ("Pharmacy Products"), and related services ("Pharmacy Services").

14.     Omnicare also provides pharmacy consultant services ("Consultant Services").

15.     The Emerald Facilities are nursing and rehabilitation facilities, all of which are affiliates of a non-party entity, Emerald Health Care.

16.     On or about August 1, 2017, each of the Emerald Facilities entered into its own contracts with Omnicare, pursuant to which Omnicare agreed to provide, and the Emerald Facilities agreed to pay for, Pharmacy Products, Pharmacy Services, and Consultant Services: the

Pharmacy Products and Services Agreement (the "PSA") and the Pharmacy Consultant Agreement (the "PCA") (each a "Contract" and, collectively, the "Contracts").[1] Each of the Contracts had an initial two-year term and automatically renewed for two-year terms absent termination.

17.     In pertinent part, each Contract provides that Omnicare would submit monthly invoices to the Emerald Facilities for all fees for which each facility was responsible, and that the Emerald Facilities would remit full payment within 60 days of the date of the invoice.

18.     Each Contract also provides that invoice charges were to be disputed, if at all, within 30 days of the invoice date. No charge could be disputed more than 30 days after the pertinent invoice date.

19.     Each Contract also provides that the Emerald Facilities may not dispute invoice charges for which they have failed to remit timely payment in accordance with the terms of the Contract.

20.     Finally, each Contract provides that the failure to remit timely payment for Pharmacy Products and/or Pharmacy Services would result in interest on any such unpaid amounts, at the amount of 1.5% (or the maximum rate allowed by law, if less), which accrued from the date payment became due until receipt of payment by Omnicare.

21.     Between August 2017 and April 2018, Omnicare provided Pharmacy Products, Pharmacy Services, and Consultant Services to the Emerald Facilities, for which the Emerald Facilities failed to remit full payment.

---

[1]  Each Emerald Facility entered into a set of Contracts – a PSA and PCA – that were separate from the Contracts executed by the other Emerald Facilities. However, upon information and belief, each Contract was negotiated on behalf of the Emerald Facilities by a common ownership and management team.

22.     The Southwest Facility owes Omnicare the principal sum of $347,970.25 for Pharmacy Products, Pharmacy Services, and Consultant Services, and $101,863.33 in interest accrued on the principal owed through August 31, 2019.

23.     The Tulsa Facility owes Omnicare the principal sum of $330,205.83 for Pharmacy Products, Pharmacy Services, and Consultant Services, and $94,546.24 in interest accrued on the principal owed through August 31, 2019.

24.     The Midwest City Facility owes Omnicare the principal sum of $309,174.82 for Pharmacy Products, Pharmacy Services, and Consultant Services, and $89,368.10 in interest accrued on the principal owed through August 31, 2019.

25.     Despite timely demands for payment, as required by the Contracts, the Emerald Facilities have not discharged their obligations or paid the amounts due and owing under the Contracts.

## COUNT I - ACCOUNT STATED

26.     Omnicare reasserts and incorporates by reference each allegation above and below as if fully set forth herein.

27.     The Contracts are valid and enforceable contracts.

28.     Pursuant to the Contracts, Omnicare sent monthly invoices to each of the Emerald Facilities, detailing all fees for which it was responsible.

29.     No Emerald Facility has timely disputed the amount owed, and none of them have remitted timely payment for the goods and services it received. Accordingly, the Emerald Facilities have waived the right to challenge and have admitted the amounts due.

## COUNT II - BREACH OF CONTRACT

30.     Omnicare reasserts and incorporates by reference each allegation above and below as if fully set forth herein.

31.     The Contracts are valid and enforceable contracts.

32.     Between August 2017 and April 2018, the Emerald Facilities accepted Pharmacy Products, Pharmacy Services, and Consultant Services pursuant to the Contracts, for which they failed to remit full payment.

33.     Despite Omnicare's timely demands for payment, the Emerald Facilities have not fully discharged their obligation to pay Omnicare all of the amounts due and owing under the Contracts.

34.     The Emerald Facilities' failure to pay Omnicare constitutes a material breach of each of the Contracts, the direct and proximate result of which is damages to Omnicare in the amount of $1,273,128.528, consisting of $987,350.91 in principal and $285,777.67 in interest accrued through August 31, 2019.

## COUNT III - UNJUST ENRICHMENT

35.     Omnicare reasserts and incorporates by reference each allegation above and below as if fully set forth herein.

36.     Omnicare supplied valuable goods and services to the Emerald Facilities, which the Emerald Facilities accepted and retained.

37.     Omnicare did not provide those goods and services to the Emerald Facilities gratuitously; it did so with the reasonable expectation of compensation from the Emerald Facilities.

38.     Omnicare has not received fair and adequate payment from the Emerald Facilities for those goods and services it provided and the Emerald Facilities accepted.

39.     The Emerald Facilities have been unjustly enriched at the expense of Omnicare.

40.     The Emerald Facilities have benefited from their unlawful acts, which has caused Omnicare to suffer injury and monetary loss.  The Emerald Facilities have therefore been unjustly enriched, and equity and good conscience require them to disgorge to Omnicare all such unjust enrichment in an amount to be determined at trial.

## COUNT IV - GOODS ACCEPTED BETWEEN MERCHANTS, DELAWARE COMMERCIAL CODE

41.     Omnicare reasserts and incorporates by reference the allegations in Paragraphs 1-25 as if fully set forth herein.

42.     Under the Delaware Commercial Code, Omnicare and the Emerald Facilities are each "merchants," and Pharmacy Products are "goods."

43.     The Emerald Facilities demonstrated their acceptance of Omnicare's satisfactory goods by not rejecting them, but instead, by using them for their own business.

44.     Omnicare invoiced the Emerald Facilities for all of the goods they accepted.

45.     The Emerald Facilities thus owe Omnicare damages, in an amount equal to the principal invoiced and interest thereon, for the Pharmacy Goods sold and delivered by Omnicare and accepted without objection by the Emerald Facilities.

**WHEREFORE**, Omnicare demands judgment against the Emerald Facilities as follows:

(a)     an award of $987,350.91, the agreed-upon value of the goods and services Omnicare provided to the Emerald Facilities;

(b)     an award of $285,777.67 for interest owed under the Contracts, calculated through August 31, 2019;

(c)     pre-judgment interest and post-judgment interest, either at the rate set in the Contracts, or, if judgment is awarded on some other basis, in the amount permitted by law; and

(d)     such other and further relief as the Court deems just and proper.

**BALLARD SPAHR LLP**

Dated:  September 11, 2019

*/s/ William J. Burton*
William Burton (No. 6243)
919 N. Market Street
Wilmington, DE  19801
Telephone: (302) 252-4465
E-mail: burtonw@ballardspahr.com

Justin Kerner, Esq.
(*pro hac vice* application forthcoming)
210 Lake Drive East, Ste. 200
Cherry Hill, NJ 08002
kernerj@ballardspahr.com

*Counsel for Plaintiff, Langsam Health
Services, LLC*