# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANGSAM HEALTH SERVICES, LLC, | )<br>)<br>) |
| Plaintiff, | ) Case No. 19-CV-01696-LPS<br>) |
| v. | )<br>) |
| GARDEN MANOR REHAB AND NURSING OF SOUTHWEST, LLC d/b/a EMERALD CARE CENTER SOUTHWEST, LLC, et al., | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## DEFENDANT-COUNTERCLAIMANT'S RESPONSE TO OMNICARE'S MOTION TO DISMISS COUNTERCLAIM

NOW COMES, Defendants Garden Manor Rehab and Nursing of Southwest, LLC d/b/a Emerald Care Center Southwest, LLC; Garden Manor Rehab and Nursing of Tulsa, LLC d/b/a Emerald Care Center Tulsa; Garden manor Rehab and Nursing of Midwest City, LLC d/b/a Emerald Care Center Midwest City, LLC (together herein referred to as "Counterclaimants"), by and through its undersigned counsel, and for its Response to Plaintiff-Counterclaim Defendants' Langsam Health Services, LLC, (hereinafter referred to as "Omnicare") Motion to Dismiss Fraud Counterclaims, states as follows:

Counterclaimants bring their counterclaims before this Court seeking redress for Omnicare's fraudulent billing practice, over a lengthy period of time. Alex Spanko, *Feds sue CVS, Omnicare over Allegations of Fraudulent Long-Term Care Pharmacy Billing*, Skilled Nursing News (December 17, 2019) https://skillednursingnews.com/2019/12/feds-sue-cvs-omnicare-over-fraudulent-long-term-care-pharmacy-billing/. The U.S. Government has even filed suit against Omnicare for substantially similar billing misconduct. *See U.S.A. v. Omnicare, Inc.*, 15 Civ.

4179 (S.D.N.Y.). In this matter, Omnicare's Motion to Dismiss the counterclaims should be denied as Counterclaimants' fraud claims have been pled with sufficient particularity. Additionally, Counterclaimants have properly alleged claims for breach of the respected contracts.

### A. Counterclaimants' Fraud Allegations are Plead with Sufficient Particularity to Apprise Omnicare of the Basis of the Claim.

Clearly Counterclaimants pleadings have alleged facts sufficient to state plausible claims for fraud. In order to survive a motion to dismiss a fraud claim, Claimants must allege that: (1) Omnicare falsely represented a material fac; (2) Omnicare knew that the representation was false or made with a reckless indifference to the truth; (3) Omnicare intended to induce Counterclaimants to act; (4) Counterclaimants acted in justifiable reliance on Omnicare's representation; and (5) Counterclaimants were injured by that reliance. *See ITW Glob. Investments Inc. v. Am. Indus. Partners Capital Fund IV, L.P.*, 2015 WL 3970908 at *5 (Del. Super. Ct. 2015). At this stage, the particularity pleading standard requires Counterclaimants only to plead "the time, place and contents of the false representations," as well as "the identity of the person making those representations." *See* Super. Ct. Civ. R. 9(b)*; see also Brown v. Robb*, 583 A.2d 949, 955 (Del. Super. 1990); *see also Peterson v. 21st Century Centennial Ins. Co.*, 2015 WL 4154070 at *5 (Del. Super. 2015). "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Super. Ct. Civ. R. 9(b). Here, Counterclaimants' fraud allegations are plead with sufficientl particularity to apprise Omnicare of the basis of the counterclaim by articulating when these fraudulent statements were made; how they were communicated; how often they occurred; and what the specific fraudulent conduct was.

To start, in each counterclaim for fraud (Counterclaim Counts I, III, V), Counterclaimants specifically allege fraudulent conduct "[d]uring the course of the parties' business relationship going back several years." Counterclaim at ¶ 4, 19, 35. Yet even more specifically, Counterclaimants allege multiple *specific* fraudulent billing and invoicing acts, over a nine-month period from August 2017 to April 2018. *Id.* at ¶ 7, 23, 38. Furthermore, Counterclaimants specifically allege *how* the fraud was perfected by Omnicare, by communicating to Counterclaimants "numerous demands for…payment amounts that were fraudulently determined. *Id.* at ¶4, 19, 35.

Finally, when it comes to articulating *how* those payment amounts were fraudulently determined, Counterclaimants again provide sufficient facts to apprise Omnicare of the basis of their claim. Counterclaimants plead facts constituting fraud including, but not limited to, failing to submit bills to appropriate payor sources; improperly billing for patient care after their discharge; improperly using split-billing techniques; improperly charging for medication returned unused; dispensing duplicate medication refills; improperly supplying medication when an acceptable generic was available; improperly refiling prescriptions early; and submitting hundreds of pages of invoices each month to bury their fraudulent conduct. *See* Counterclaim at ¶ 5-6, 20-21, 36-37.

This is not a case of general statements, rather Counterclaimants have alleged specific facts sufficient to put Omnicare on notice of the fraudulent conduct. Counterclaimants have articulated when the fraud occurred, how it was communicated, what the fraudulent conduct was, and for how long it lasted. Thus, these claims meet the pleading requirements of Superior Court Civil Rule 9(b) and should not be dismissed.

## B. Counterclaimants Have Plead a Valid Breach of Contract Claim

Counterclaimants here have plead a valid breach of contract counterclaim. Under Delaware law, elements of a breach of contract claim consist of: (1) the existence of a contract; (2) the breach of an obligation imposed by the contract; and (3) resulting damage to the plaintiff. *Cipla Ltd. v. Amgen Inc.*, 386 F.Supp.3d 386, 394 (D. Del. 2019). Counterclaimants here have alleged facts in their counterclaims sufficient to meet these elements. First, the existence of a "valid, binding, and enforceable contract" is not at issue here. *See* Counterclaims at ¶ 12, 28, 43. Second Counterclaimants have articulated facts to support finding a breach. Specifically, Counterclaimants assert many specific instances of misconduct to support their allegation of breach, including but not limited to alleging Omnicare failed to submit bills to appropriate payor sources, improperly billed for patient care after their discharge; dispensed duplicate medication refills; improperly supplied medication when an acceptable generic was available; improperly refilled prescriptions early; and submitted hundreds of pages of invoices each month to bury their fraudulent conduct. *See* Counterclaim at ¶ 5-6, 20-21, 36-37. Counterclaimants even put a specific timeframe at issue, alleging this misconduct occurred from August 2017 to April 2018. *Id.* at ¶ 6, 21, 37. This conduct clearly articulates a breach of each of the Contracts at issue. Lastly, Counterclaimants were damaged by this unjustified and deceitful billing practice. *Id.* at ¶¶ 15, 31, 46. All these facts demonstrate the plausibility of Counterclaimants' position. Counterclaimants have alleged facts sufficient to find that Omnicare engaged in specific misconduct in violation of the terms of the contract, over a specific timeframe, that resulted in damages suffered.

WHEREFORE, Counterclaimant respectfully requests that this Court deny Plaintiff Langsam Health Services, LLC Motion to Dismiss in its entirety. In the alternative,

Counterclaimant requests leave to amend their pleadings to provide additional factual detail, and/or any further relief this Court deems just and proper.

December 19, 2019                     Respectfully Submitted,

                                      By:    */s/   James Tobia*
                                      James Tobia (DE Bar No. 3798)
                                      **THE LAW OFFICE OF JAMES TOBIA, LLC**
                                      1716 Wawaset Street
                                      Wilmington, DE 19806
                                      (302)655-5303
                                      *Attorney for Defendants*

                                      OF COUNSEL:
                                      NATAHN & KAMIONSKI, LLP
                                      33 W. Monroe, St., Suite 1830
                                      Chicago, IL 60603
                                      (312)612-2255