# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANGSAM HEALTH SERVICES, LLC, | ) ) ) |
| Plaintiff, | ) ) Case No. 19-01696 |
| v. | ) ) Judge Leonard P. Stark |
| GARDEN MANOR REHAB AND NURSING OF SOUTHWEST, LLC d/b/a EMERALD CARE CENTER SOUTHWEST, LLC, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

**REPLY IN FURTHER SUPPORT OF LANGSAM HEALTH SERVICES, LLC'S MOTION TO DISMISS EACH OF DEFENDANTS' COUNTERCLAIMS**

Dated: December 30, 2019

**BALLARD SPAHR LLP**

William Burton (No. 6243)
919 N. Market Street
Wilmington, DE 19801
Telephone: (302) 252-4465
E-mail: burtonw@ballardspahr.com

Justin Kerner, Esq.
  (admitted *pro hac vice*)
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
E-mail: kernerj@ballardspahr.com

*Counsel for Plaintiff,*
*Langsam Health Services, LLC*

## TABLE OF CONTENTS

**Page**

I. EACH OF THE COUNTERCLAIMS SHOULD BE DISMISSED .................................. 1

II. DEFENDANTS' ELEVENTH-HOUR REQUEST TO FILE A SECOND
AMENDED SET OF COUNTERCLAIMS SHOULD BE DENIED ............................... 5

III. CONCLUSION ................................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Wachovia Mortg. Corp.*,
    497 F. Supp. 2d 572 (D. Del. 2007)..................................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 ..................................................................................................................3, 4

*Blakeman v. Freedom Rides, Inc.*,
    2013 U.S. Dist. LEXIS 96075 (D. Del. Jul. 10, 2013) ...........................................................1

*Culley v. Cumberland Valley Sch. Dist.*,
    2016 U.S. Dist. LEXIS 24180 (M.D. Pa. Feb. 29, 2016) .......................................................2

*Flora v. Cty. of Luzerne*,
    776 F.3d 169 (3d Cir. 2015).............................................................................................1, 4

*Great Am. Ins. Co. v. Linderman*,
    116 F. Supp. 3d 1183 (D. Or. July 15, 2015)..........................................................................3

*Hawa v. Coastesville Area Sch. Dist.*,
    2016 U.S. Dist. LEXIS 122440 (E.D. Pa. Sept. 9, 2016) ....................................................2, 4

*Huss v. Green Spring Health Servs., Inc.*,
    18 F. Supp. 2d 400 (D. Del. 1998).......................................................................................6

*Kanter v. Barella*,
    489 F.3d 170 (3d Cir. 2007)..................................................................................................6

*Klein v. Gen. Nutrition Cos.*,
    186 F.3d 338 (3d Cir. 1999)..................................................................................................2

*Long v. Satz*,
    181 F.3d 1275 (11th Cir. 1999) .............................................................................................6

*Person v. Teamsters Local Union 863*,
    2013 U.S. Dist. LEXIS 149252 (D.N.J. Oct. 16, 2013).......................................................2, 4

*Pope v. Swanson*,
    2009 U.S. Dist. LEXIS 69779 (D. Del. Aug. 10, 2009) ........................................................1

*Rapid Models & Prototypes, Inc. v. Innovated Sols.*,
    2014 U.S. Dist. LEXIS 177645 (D.N.J. Dec. 29, 2014) ........................................................3

Case 1:19-cv-01696-LPS   Document 19   Filed 12/30/19   Page 4 of 11 PageID #: 348

*Raul v. Rynd*,
  929 F. Supp. 2d 333 (D. Del. Mar. 14, 2013) ...........................................................................4

*Rosen v. Commc'n Servs. Grp.*,
  155 F. Supp. 2d 310 (E.D. Pa. 2001) .......................................................................................3

*S. Track & Pump, Inc. v. Terex Corp.*,
  625 F. Supp. 2d 558 (D. Del. 2009)..........................................................................................3

*Shelton v. Restaurant.com Inc.*,
  543 F. App'x 168 (3d Cir. 2013) ..............................................................................................5

*Skypala v. Mortg. Elec. Registration Sys., Inc.*,
  655 F. Supp. 2d 451 (D.N.J. 2009) ..........................................................................................4

*Stackhouse v. Mazurkiewicz*,
  951 F.2d 29 (3d Cir. 1991)....................................................................................................2, 4

*State Farm Mut. Auto. Ins. Co. v. Stavropolskiy*,
  2016 U.S. Dist. LEXIS 18805 (E.D. Pa. Feb. 17, 2016) .........................................................3

*Student Fin. Corp. v. Royal Indem. Co. (In re Student Fin. Corp.)*,
  2004 U.S. Dist. LEXIS 4952 (D. Del. Mar. 23, 2004) ............................................................3

*Twp. of Spring v. Standard Ins. Co.*,
  497 Fed. App'x 211 (3d Cir. 2012)..........................................................................................4

*Werner v. Werner*,
  267 F.3d 288 (3d Cir. 2001).....................................................................................................5

*Wilson v. Wells Fargo Advisors, LLC*,
  2012 U.S. Dist. LEXIS 151851 (D. Del. Oct. 22, 2012) .........................................................1

*Wingate Inns Int'l v. Cypress Ctr. Hotels, LLC*,
  2012 U.S. Dist. LEXIS 179345 (D.N.J. Dec. 19, 2012) ..........................................................4

*Wolgin v. Simon*,
  722 F.2d 389 (8th Cir. 1983) ...................................................................................................6

**Other Authorities**

Federal Rule of Civil Procedure 9 ..............................................................................................2, 3

Federal Rule of Civil Procedure 12 ................................................................................................1

I.      **EACH OF THE COUNTERCLAIMS SHOULD BE DISMISSED**

Defendant's response to Omnicare's Motion to Dismiss (D.I. 16) (the "Opposition" or "Opp.") is woefully deficient.[1] Defendants have offered no response to the following arguments, each of which was discussed at length in Omnicare's Opening Brief:

- Because the Fraud Claims relate solely to the parties' respective performance under the contracts at issue—specifically, to invoices and billing practices—those claims are barred by the economic loss doctrine and should be dismissed with prejudice. (*See* Opening Br., 5-7.)

- Because Defendants seek the same damages for both fraud and breach of contract, the "separate damages" doctrine is a second, independent bar to the Fraud Claims, pursuant to which those claims should be dismissed with prejudice. (*See id.* at 8.)

- In the contracts at issue, all invoice-related disputes were expressly waived unless Defendants: (1) paid their invoices in full and on time; and (2) provided timely, written notice of disputes. Because they did neither (and do not allege otherwise), their Contract Claims should be dismissed. (*See id.* at 10-12.)

Because Defendants did not respond to those points, they waived the opportunity to do so, and they concede that each of their Counterclaims should be dismissed. *See Flora v. Cty. of Luzerne*, 776 F.3d 169, 174 n.8 (3d Cir. 2015) (noting that failure to raise arguments upon a Rule 12(b)(6) motion argument results in waiver of those arguments); *Blakeman v. Freedom Rides, Inc.*, 2013 U.S. Dist. LEXIS 96075, at *41-42 (D. Del. Jul. 10, 2013) ("In such situations, where a party responds to a dispositive motion, but only attempts to defend some subset of the claims that are subject to the motion, courts have consistently held that the claims that are not defended are deemed abandoned."); *Wilson v. Wells Fargo Advisors, LLC*, 2012 U.S. Dist. LEXIS 151851, at *31 (D. Del. Oct. 22, 2012) ("[P]laintiff's failure to respond to defendant's arguments on a Rule 12(b)(6) motion to dismiss was a concession that the cause of action failed to state a claim upon which relief could be granted."); *cf. Pope v. Swanson*, 2009 U.S. Dist. LEXIS 69779, at *6 (D.

---

[1] The terms defined in Omnicare's Opening Brief (D.I. 12) are repeated here.

Del. Aug. 10, 2009) (holding, in context of summary judgment, that defendant's failure to respond to plaintiff's arguments "demonstrates that they concede" the point).[2] Because Defendants are represented by counsel, their failure to respond to Omnicare's arguments is especially inexcusable. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding it is appropriate to grant a motion as unopposed, without considering the merits where the party failing to respond to dispositive arguments is represented by counsel).

The only two arguments Defendants have mustered are facially meritless, and neither salvages their Counterclaims. First, despite Defendants' protestations, their Fraud Claims lack the particularity required by Rule 9(b). In essence, Defendants argue that over a period of "several years," unidentified Omnicare representative made unspecified "demands for . . . payment amounts" that were "fraudulent" based on alleged billing complexity and inaccuracy. (Opp., 2-3 (citations to record and quotation marks omitted).) But that provides no degree of particularity, and it falls far short of stating "with particularity the circumstances constituting fraud[.]" *See* FED. R. CIV. P. 9(b). Defendants have not alleged which statements were fraudulent, who made those statements, to whom they were made, or when they were made.

Put simply, Defendants originally alleged and now argue only that "someone did something" at "some point in time." The law demands more, and, thus, Defendants' Fraud Claims should be dismissed. *See Klein v. Gen. Nutrition Cos.*, 186 F.3d 338, 345 (3d Cir. 1999) (emphasis

---

[2] *See also, e.g.*, *Hawa v. Coastesville Area Sch. Dist.*, 2016 U.S. Dist. LEXIS 122440, at *6-7 n.3 (E.D. Pa. Sept. 9, 2016) (recognizing that failure to "seriously attempt to defend a claim . . . constitutes a waiver of the claim, which supplies" an independent "ground for the claim's dismissal"); *Culley v. Cumberland Valley Sch. Dist.*, 2016 U.S. Dist. LEXIS 24180, at *12 (M.D. Pa. Feb. 29, 2016) ("[W]e do note that because Plaintiffs' brief wholly fails to address this argument, they have in effect waived their opposition to Defendant's request for dismissal of their monetary damages claim."); *Person v. Teamsters Local Union 863*, 2013 U.S. Dist. LEXIS 149252, at *5 (D.N.J. Oct. 16, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in waiver.").

added) ("Fed. R. Civ. P. 9(b) requires, *at a minimum*, that the plaintiff identify the speaker of allegedly fraudulent statements."); *see also Great Am. Ins. Co. v. Linderman*, 116 F. Supp. 3d 1183, 1194 (D. Or. July 15, 2015) (dismissing fraud claim because the complaint failed to state the "dates and contents of particular invoices" or "specify specific false statements in specific invoices"). Indeed, district courts regularly dismiss fraud claims that lack the same detail lacking here—*i.e.*, the who, what, when, and where of the fraud. *See, e.g.*, *S. Track & Pump, Inc. v. Terex Corp.*, 625 F. Supp. 2d 558, 567 (D. Del. 2009) (finding a plaintiff has failed to satisfy the heightened pleading standard of Rule 9(b) when the complaints failed to "identify a single individual who was involved in the alleged fraud" or "identif[ied] only broad months-long time frames when the alleged misrepresentations took place.").[3]

Second, although Defendants argue they have pleaded cognizable Contract Claims, they did not plead and have not otherwise pointed to any contractual provision Omnicare failed to honor. Accordingly, Defendants have failed to satisfy the *Iqbal* standard, under which they were obligated to do more than plead "facts that are merely consistent with [Omnicare's] liability"— *i.e.*, to plead more than facts that "stop[] short of the line between possibility and plausibility to entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citation, quotation marks, and

---

[3] *See also State Farm Mut. Auto. Ins. Co. v. Stavropolskiy*, 2016 U.S. Dist. LEXIS 18805, at *8-9 (E.D. Pa. Feb. 17, 2016) (dismissing fraud claim based on records of services not provided or not necessary, because plaintiff did not "indicate[] which claims were not provided and which were not necessary"); *Rapid Models & Prototypes, Inc. v. Innovated Sols.*, 2014 U.S. Dist. LEXIS 177645, at *23 (D.N.J. Dec. 29, 2014) ("The amended complaint lacks specificity as to the dates of the conduct at issue in this case, which supports dismissal under Federal Rule of Civil Procedure 9(b)."); *Student Fin. Corp. v. Royal Indem. Co. (In re Student Fin. Corp.)*, 2004 U.S. Dist. LEXIS 4952, at *7 (D. Del. Mar. 23, 2004) ("Nowhere in its Complaint does [plaintiff] identify the speaker of [defendant's] alleged misrepresentations. This is a failure to satisfy the particularity requirements of Rule 9(b)."); *Rosen v. Commc'n Servs. Grp.*, 155 F. Supp. 2d 310, 319 (E.D. Pa. 2001) (noting "adequate allegations of date, time and place are lacking" when the plaintiff simply alleges the fraudulent conduct occurred "during the summer of 1997").

alterations omitted). Defendants cannot escape the fact that they failed to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation, quotation marks, and alterations omitted); *see also Twp. of Spring v. Standard Ins. Co.*, 497 Fed. App'x 211, 214 (3d Cir. 2012) (affirming the district court's dismissal of the plaintiff's breach of contract claim because the plaintiff "[did] not and [could not] point to any contractual provision that [the defendant] did not honor"); *Raul v. Rynd*, 929 F. Supp. 2d 333, 348 (D. Del. Mar. 14, 2013) (finding a breach of contract claim not plausible when the "[p]laintiff fail[ed] to identify any contractual provision that [the defendant] allegedly breached"); *Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009) (dismissing breach of contract claim where "the Complaint [did] not identify the provisions Plaintiff asserts were breached").[4]

Critically, even if Defendants' arguments had merit—and for the reasons set forth above, they do not—those arguments are incapable of salvaging their claims. The economic loss and separate damages doctrines bar the Fraud Claims, no matter the facts upon which those claims might be based. (*See* Opening Br., 5-8.) In addition, Defendants' failure to satisfy the conditions precedent to any invoice-based dispute bars their Contract Claims. (*See id.* at 10-12.)[5]

---

[4] *See also Wingate Inns Int'l v. Cypress Ctr. Hotels, LLC*, 2012 U.S. Dist. LEXIS 179345, at *26-27 (D.N.J. Dec. 19, 2012) (dismissing breach of contract counterclaim because "the Court cannot draw a reasonable inference that [plaintiff was] liable for breach of contract without [defendant] identifying, in his counterclaim, the specific agreement(s) and related provision(s) therein that he [was] relying upon"); *Anderson v. Wachovia Mortg. Corp.*, 497 F. Supp. 2d 572, 581 (D. Del. 2007) (citations and quotation marks omitted) ("It is undisputed that plaintiffs and defendants entered into mortgage contracts. Plaintiffs allege that defendants' conduct breached these contracts; however, plaintiffs have not identified any express contract provision that was breached. As a result, the court finds that plaintiffs have failed to satisfy the second prong of the breach of contract analysis and will grant defendants' motion to dismiss as to that count.").

[5] Those points should be accepted as unopposed. *See Stackhouse*, 951 F.2d at 30; *see also, e.g.*, *Flora*, 776 F.3d at 174 n.8; *Hawa*, 2016 U.S. Dist. LEXIS 122440, at *6-7 n.3; *Person*, 2013 U.S. Dist. LEXIS 149252, at *5. For the reasons set forth in Omnicare's Opening Brief, they should also be accepted on the merits. (*See* Opening Br., 5-8, 10-13.)

For all of these reasons, each of Defendants' Counterclaims should be dismissed. The Fraud Claims should be dismissed with prejudice, and the Contract Claims should be dismissed, subject to amendment if and only if Defendants can plead in good faith that they complied with each of the conditions precedent to the relief they now seek.[6]

## II. DEFENDANTS' ELEVENTH-HOUR REQUEST TO FILE A SECOND AMENDED SET OF COUNTERCLAIMS SHOULD BE DENIED

In the closing sentence of their Opposition, Defendants "request[] leave to amend their pleadings to provide additional factual detail . . . ." (Opp., 5.) For two reasons, that request should be denied.

First, Defendants' request was not properly presented to the Court. Plaintiffs neither filed a cross-motion nor affirmatively moved for relief. If a party seeks leave to amend its pleading, it must do so by motion, not in opposition to a motion to dismiss. *See Shelton v. Restaurant.com Inc.*, 543 F. App'x 168, 169 n.1 (3d Cir. 2013) (citations omitted) ("Plaintiffs did not file a motion to amend, but rather made the request seeking an opportunity to amend in their brief opposing the motion to dismiss. . . . [A] 'single sentence, lacking a statement for the grounds for amendment and dangling at the end of [the] memorandum, [does] not rise to the level of a motion for leave to

---

[6] One last point warrants note. In the Opposition, Defendants raise scandalous and impertinent matter that should be stricken: specifically, their reference to "Omnicare's fraudulent billing practice, over a lengthy period of time." (Opp., 1.) The material Defendants cite in support of that statement (an article from "skillednursingnews.com") goes beyond the four corners of the pleading at issue, is unauthenticated, and constitutes inadmissible hearsay. Moreover, Defendants' reference to another case in which "[t]he U.S. Government has . . . filed suit against Omnicare for substantially similar billing misconduct" is a red herring. (*See id.*) Defendants have not asked the court to take judicial notice of the pleadings from that action, and they have made no effort to show that the allegations in that action are in any way related to the contracts at issue in this action. Even if they had, judicial notice would still be inappropriate. *See Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) ("Taking judicial notice of the truth of contents of a filing from a related action could reach, and perhaps breach, the boundaries of judicial notice.").

amend.'"); *Long v. Satz*, 181 F.3d 1275, 1279-80 (11th Cir. 1999). Accordingly, Defendants' "request" is a nullity, and it should not be considered.

Second, the request is otherwise deficient. Defendants have not filed a copy of their proposed Second Amended Counterclaims (as required by Local Rule 15.1(a)), and they have not otherwise attempted to explain how their as-yet unspecified amendments would cure the deficiencies outlined above—many of which require dismissal **with prejudice**. *See Huss v. Green Spring Health Servs., Inc.*, 18 F. Supp. 2d 400, 406 n.13 (D. Del. 1998) ("[G]ranting a motion to dismiss with prejudice precludes review of [a request] to amend."). Their failure to provide such facts or explanation justifies denial of their so-called "request," as it denies both Omnicare and the Court the opportunity to evaluate Defendants' proposed amendments. *See Kanter v. Barella*, 489 F.3d 170, 181-82 (3d Cir. 2007) (affirming denial of request for leave to amend, which was presented in opposition to motion to dismiss, because plaintiff "offered no new facts" in support of that request); *see also Wolgin v. Simon*, 722 F.2d 389, 394-95 n.10 (8th Cir. 1983) (collecting cases holding that it is inappropriate for a court to grant leave to amend without viewing the amended pleading).

## III. CONCLUSION

For all of the reasons stated in Omnicare's Opening Brief and this Reply, Defendants' Counterclaims should be dismissed, and their improper request for leave to amend should be denied.

6

|  | **BALLARD SPAHR LLP** |
|---|---|
| Dated: December 30, 2019 | */s/ William J. Burton*<br>William Burton (No. 6243)<br>919 N. Market Street<br>Wilmington, DE 19801<br>Telephone: (302) 252-4465<br>E-mail: burtonw@ballardspahr.com<br><br>Justin Kerner, Esq. (admitted *pro hac vice*)<br>210 Lake Drive East, Suite 200<br>Cherry Hill, NJ 08002<br>E-mail: kernerj@ballardspahr.com<br><br>*Counsel for Plaintiff,*<br>*Langsam Health Services, LLC* |

7