### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANGSAM HEALTH SERVICES, LLC, | ) ) ) |
| Plaintiff, | ) ) Case No. 19-1696 |
| v. | ) ) Judge Leonard P. Stark ) |
| GARDEN MANOR REHAB AND NURSING OF SOUTHWEST, LLC d/b/a EMERALD CARE CENTER SOUTHWEST, LLC, et al., | ) ) ) ) ) |
| Defendants. | ) |

### [PROPOSED] PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order shall govern the production or provision of confidential information and things by the parties in this case and any third-parties (provided such third-parties recognize and accept the procedures set forth herein) for the purpose of responding to discovery.

1. Any party or non-party from whom discovery is sought in connection with this action may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any documents, testimony, or other discovery material that contains information of a confidential nature ("Confidential Information"). The term "Party" (or, in the plural, "Parties") shall refer to the named Parties in this action, and: all predecessors and successors thereof; all present divisions, subsidiaries, or affiliates of any of the foregoing entities; and all directors, officers, employees, agents, attorneys, and other representatives of any of the foregoing entities.

2. A Party (or non-party) from whom discovery is sought ("Producing Party") may designate as "Confidential" any information that it reasonably believes constitutes confidential research, development, financial, technical, commercial information, or "protected health

information" as that term is defined in the Health Insurance Portability and Accountability Act of 1996, as amended, and the regulations promulgated thereunder, as they may be amended from time to time (collectively, "HIPAA") and/or its implementing Privacy Rules.

3.  A Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any information that it reasonably believes constitutes competitively sensitive information that could be used by either the receiving Party or, if filed, the public to obtain a business (not legal) advantage over the Producing Party.

4.  Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" ("Designated Material") shall refer to Confidential Information (as defined above), including documents, data and information, answers to interrogatories, answers to deposition questions (if the deposition is so designated as provided herein), responses to requests for admission, affidavits, expert reports, briefs, and any information copied or extracted therefrom or attached thereto, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Confidential Information. The term "Receiving Party" shall refer to the Party to whom such information is produced by the "Producing Party."

5.  Any Party or non-party to this Agreement who may have discoverable information may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information and documents containing "personal data." "Personal data" includes without limitation personal records and information, including medical information, ethnicity, political views, and other sensitive personal information.

6. Designated Material marked as "Confidential" shall be maintained in confidence by the Receiving Party, shall be used solely for this action and shall not be disclosed to any person by the Receiving Party except:

    a. outside counsel (defined herein as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b. outside experts or consultants retained by either a Party or its outside counsel for purposes of this litigation, provided that such experts or consultants first sign a non-disclosure agreement in the form attached hereto as Exhibit A;

    c. secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

    d. the court and court personnel;

    e. deponents in this action, if it appears that the witness authored or received a copy of it, was or may be involved in the subject matter described therein or may know who was so involved, is employed by the party who produced the Confidential Material, or if the Producing Party consents to such disclosure;

    f. vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including but not limited to court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom, in depositions, or in mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such Material; and

    g. other Parties.

7. Material marked as "Highly Confidential – Attorneys' Eyes Only" shall be maintained in confidence by the Party to whom such material is produced, shall be used solely for

this action and may be disclosed only to the other Parties to the action, outside counsel, in-house counsel and one in-house paralegal for the Receiving Party, and to such other persons as ordered by the Court or as agreed to in advance by counsel for the Producing Party.

8.  In the event a Producing Party elects to produce original documents or other material for inspection, no markings need be made on the documents or material by the Producing Party in advance of the inspection. During the inspection, such documents or material shall be considered "Highly Confidential – Attorneys' Eyes Only." After selection by the inspecting party of specific documents or material for copying, the Producing Party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the documents or materials before they are provided to the inspecting Party.

9.  Testimony, including in the form of transcripts, disclosed at a deposition, or during testimony at a hearing or trial of (i) a Party, the present or former officers, directors, employees, agents, or experts retained by a Party for the purpose of this action, or (ii) a third-party in possession of Confidential Information of its own or of a Party, shall be automatically designated and treated by all Receiving Parties as "Confidential." At any time, a Receiving Party may request that the Producing Party provide precise confidentiality designations as to the confidential status of the Producing Party's information in such transcript (e.g., which pages and lines of the transcript are not restricted at all under this Protective Order, and/or constitute "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information). The Producing Party has ten days to provide such designations, and to do so in good faith. If the Receiving Party disputes such new designations, the Parties shall follow the dispute resolution process outlined in paragraph 14 of this Protective Order, with the new designations applying until the dispute is resolved.

10. The inadvertent or unintentional production of material or documents containing Confidential Information without an appropriate confidentiality designation shall not be deemed a waiver in whole or in part of a claim for confidential treatment. A Producing Party that inadvertently or unintentionally produces material or documents containing Confidential Information without a confidentiality designation may request destruction of the undesignated copies by notifying the Receiving Party, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement material or documents that are properly designated. The Receiving Party shall then collect and destroy all undesignated copies of the inadvertently or unintentionally produced material or documents.

11. Absent any overriding rules or orders of this Court, no material containing Confidential Information shall be filed in the public record of this action. In the event that any document or information that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is included with, or in any way disclosed in, any pleading, motion, deposition transcript, correspondence, or other paper filed with the Court, such document or information and related material shall be filed under seal with the Court in accordance with Local Civil Rule 5.1.3. In the event a physical copy of a document containing Confidential Information is to be filed in this action, it must be filed in a sealed envelope bearing the legend "Filed Under Seal" on its front face. The envelope shall also bear the caption of the case, state the title of the documents contained therein, and state that the document is filed under the terms of this Protective Order.

12. Inadvertent production of information subject to attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall be handled as follows, but

without waiver of or prejudice to the right of any Party to apply to the Court for further protection or disclosure relating to discovery:

    (a)    Immediately upon receiving notice from the Producing Party that information subject to attorney-client privilege, work-product immunity, or any other applicable privilege or immunity has been inadvertently produced, the Receiving Party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance except as described in subsection (c) below. The Receiving Party shall also return or destroy (at the Producing Party's option) the documents or materials and all copies, including electronic copies, within three business days from receiving notice. The Producing Party must provide a privilege log for the allegedly privileged documents or materials, within three business days of providing notice to the Receiving Party. The Producing Party must also preserve the information until the claims are resolved.

    (b)    If the Receiving Party, without notice from the Producing Party, determines that information subject to attorney-client privilege or work-product immunity has been inadvertently produced, the Receiving Party shall immediately contact the Producing Party and advise the Producing Party of the inadvertent disclosure. The Receiving Party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance. The Receiving Party shall also return or destroy (at the Producing Party's option) the documents or materials and all copies, including electronic copies, within five business days from discovery of the inadvertent disclosure. The Producing

        Party must provide a privilege log for the allegedly privileged documents or materials, within six business days from discovery of the inadvertent disclosure, unless the parties agree to a longer period of time. The Producing Party must also preserve the information until the claims are resolved.

(c)    If the Receiving Party believes that it has a good-faith basis for challenging a privilege or immunity claim, the Receiving Party still shall return or destroy all copies of the documents or material that are subject of the claim of inadvertent production, and shall provide the Producing Party with a written explanation of the good-faith basis for the belief that the produced documents or materials are not privileged (which shall include the specific identification of the document(s) at issue, including the Bates number of each such document(s)), within three business days of the Producing Party's request for return. The Producing Party shall respond in writing to the Receiving Party's timely challenge to a privilege or immunity claim within five business days from receipt of the challenge.

(d)    In the event the Parties cannot agree as to the privileged or immune status of produced documents or materials, the Receiving Party shall have five (5) business days from receipt of the Producing Party's written response to the privilege challenge to seek, in accordance with the scheduling order entered and any applicable standing orders or local rules, an order compelling production of the produced documents or materials. The Receiving Party shall not use the fact of the production or refer to the content of the produced documents or materials to challenge their claimed status as privileged or immune. In the event that a

        motion is made, the Producing Party shall have the burden of proving that the produced documents or materials are privileged or immune from discovery. Nothing in this paragraph is intended to limit the rights of any Party pursuant to Fed. R. Civ. P. 26(b)(5)(B).

    (e)    Disclosure of information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege or immunity. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that neither attorney-client privilege nor protection under the work-product doctrine is waived by disclosure of information, inadvertent or otherwise, subject to attorney-client privilege or work product immunity, in which event such disclosure is also not a waiver in any other federal or state proceeding.

13.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information of another Party or non-party to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (i) notify in writing the Producing Party of the unauthorized disclosures; (ii) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (iv) request that such person or persons sign a sworn declaration of the form of Exhibit A attached hereto.

14.    A Party may challenge the correctness or propriety of a confidentiality designation or redaction of a Producing Party by first seeking to meet and confer and resolve the matter in good faith, and then via submission to the Court, as follows:

(a)     A Party that elects to initiate a challenge to a Producing Party's confidentiality designation or redaction must do so in good faith and must begin the process by requesting a conference directly with counsel for the Producing Party. The Parties shall meet and confer within five days of such a request. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation or redaction was not proper and must give the Producing Party an opportunity to review the confidentiality designation or redaction, to reconsider the circumstances, and if no change in the designation or redaction is offered, to explain the basis for the chosen designation or redaction.

(b)     If no agreement is reached on the confidentiality designation or redaction, after completing the required meet and confer process, the Producing Party may seek a ruling, through the Court's discovery dispute procedure, on the Producing Party's confidentiality designation or redaction. The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's last designation. If the Producing Party does not seek a court ruling within ten days of completing the required meet and confer process, the material in question shall receive the level of protection being asserted by the challenging Party, or with regards to a disputed redaction, the Producing Party shall produce the document without the disputed redaction.

15.     If Confidential Information in the possession, custody, or control of a Receiving Party is sought by subpoena, request for production, interrogatory, or any other form of discovery

request or compulsory process of any court, administrative body or legislative body, or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the Receiving Party shall: (i) within three business days after receipt thereof (or if there are less than three business days to so act, in any event sufficiently prior to compliance with said request), give written notice by hand, facsimile or electronic mail of such process or discovery request together with a copy thereof, to counsel for the Producing Party; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request; and (iii) not produce or disclose such Confidential Information until the Producing Party consents in writing to its production, or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose the Confidential Information.

16.     The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Such Confidential Information produced by non-parties in connection with this action is protected by the remedies and relief provided by this Protective Order to the same extent and degree that Confidential Information produced by the Parties is protected by this Protective Order.

17.     Within sixty days after the conclusion of this action, including the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, all Confidential Information designated and produced hereunder, and all copies thereof, shall be returned to the Producing Party or destroyed. Receiving Party shall certify in writing that such material, including electronically stored information, has been destroyed. Notwithstanding the foregoing, outside counsel of record may retain all of their files from this action, including, but not limited

to, pleadings, correspondence, discovery requests, and responses, whether or not such files refer to or include any Confidential Information designated in this action.

18. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

19. Counsel for a Party producing a document may redact material deemed exempt from discovery because of attorney-client privilege, work-product immunity, or any other applicable privilege or immunity under the Federal Rules. Any document that is redacted on any of these bases must identify in the area redacted that a redaction was made. In addition, the reason for any such redaction must be stated in the document itself or on a log provided to the Receiving Party. In the event of any dispute as to the propriety of a redaction, the Parties shall follow the dispute resolution process outlined in paragraph 15 of this Protective Order.

20. Nothing contained in this Protective Order shall preclude a Party producing Confidential Information from using its own Confidential Information in any manner it sees fit.

21. Without constituting a waiver as to any claim or defense of any Party, each individual who receives Confidential Information so designated under this Protective Order agrees to submit himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to compliance with the Protective Order.

22. By entering this Protective Order and limiting the disclosure of Confidential Information in this case, the Court does not intend to preclude another court from finding that Confidential Information may be relevant and subject to disclosure in another case. Any non-party or Party subject to this Order who becomes subject to a motion to disclose another non-party's or

Party's Confidential Information so designated under this Protective Order shall promptly notify that non-party or Party of the motion so that the non-party or Party may have an opportunity to appear and be heard on whether the Confidential Information should be disclosed.

23. This Protective Order shall remain in full force and effect after the termination of this action.

24. Any Party hereto may at any time apply to the Court for permission to move to request that the Court modify this Protective Order to provide additional or different protection where it is deemed appropriate.

| | |
|---|---|
| */s/ William J. Burton* | */s/ James Tobia* |
| William J. Burton (No. 6243) | James Tobia (No. 3798) |
| BALLARD SPAHR LLP | THE LAW OFFICE OF JAMES TOBIA, LLC |
| 919 N. Market Street, 11th Floor | 1716 Wawaset Street |
| Wilmington, DE 19801 | Wilmington, DE 19806 |
| Telephone: (302) 252-4465 | Telephone: (302) 665-5303 |
| | |
| Justin Kerner (admitted *pro hac vice*) | Shneur Nathan |
| 210 Lake Drive East, Suite 200 | Nathan & Kamionski, LLP |
| Cherry Hill, NK 08002 | 33 W. Monroe, St., Suite 1830 |
| | Chicago, IL 60603 |
| *Counsel for Plaintiff Langsam Health Services, LLC* | *Counsel for Defendants* |

**SO ORDERED**

Date: _____

_____
UNITED STATES DISTRICT JUDGE