# Ballard Spahr LLP

919 North Market Street, 11th Floor
Wilmington, DE 19801-3034
TEL 302.252.4465
FAX 302.252.4466
www.ballardspahr.com

William James Burton
Tel: 302.252.4460
Fax: 302.252.4466
burtonw@ballardspahr.com

*By Electronic Filing and hand Delivery*

March 5, 2020

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

**RE:   Langsam Health Services, LLC v. Garden Manor Rehab and Nursing of Southwest, LLC et al. – Civil Action No. 1:19-cv-01696-LPS**

Dear Judge Stark:

      I write on behalf of the parties pursuant to the Court's order, dated February 25, 2020 (D.I. 36), directing the parties to provide a status update on the above-referenced action.

      On September 11, 2019, Plaintiff, Langsam Health Services, LLC ("Omnicare"), filed a complaint (the "Complaint") in which it asserted claims against Defendants, Garden Manor Rehab and Nursing of Southwest, LLC, Garden Manor Rehab and Nursing of Tulsa, LLC, and Garden Manor Rehab and Nursing of Midwest City, LLC (collectively, "Defendants"), for payments owed under a series of contracts for the provision of pharmacy goods and services. Specifically, Omnicare asserted claims for account stated, breach of contract, unjust enrichment (in the alternative), and for violations of the Delaware Commercial Code. On November 4, 2019, Defendants answered the Complaint and asserted individual counterclaims for common law fraud and breach of contract (the "Counterclaims") (D.I. 9). Defendants later amended their answers (D.I. 10). On November 15, 2019, Omnicare moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Counterclaims (D.I. 11). Omnicare's Motion to Dismiss is fully briefed (*See* D.I. 12, 16, and 19), and Omnicare has requested oral argument (D.I. 20).

      On January 3, 2020, Omnicare served a demand for written statements of damages, pursuant to Local Rule 9.4(b). Each defendant responded to Omnicare's demand for written statement of damages on January 17, 2020, and raised objections largely based on the timing of the demand. After a meet and confer phone call, Omnicare filed a Motion to Compel Production of Complete Written Statement of Damages (D.I. 24). That Motion, like Omnicare's Motion to Dismiss, has been fully briefed (*see* D.I. 25, 31 and 32).

In addition, each party has served Initial Disclosures (*see* D.I. 23, 26, and 32). On November 15, 2019, Omnicare served its First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admissions on Defendants ("Omnicare's First Set of Discovery") (*see* D.I. 13). Defendants responded to all of these discovery requests on February 1, 2020, and the parties have met and conferred regarding certain areas where Omnicare believes there are deficiencies. Defendants will be submitting amended responses to Omnicare's requests for admission by March 20, 2020, and revised responses to interrogatories and requests for production by March 27, 2020.

Omnicare thereafter served a Second Set of Requests for Production (D.I. 28), a subpoena upon non-party Emerald Healthcare (D.I. 29), and notice to Defendants of a subpoena that will be served on non-party Integra Scripts LLC (Defendants' outside auditor of invoices issued by Omnicare). Emerald Healthcare responded to Omnicare's subpoena and Defendants objected to the subpoena issued to Integra Scripts LLC. The parties are meeting and conferring regarding the subpoena issued to Integra Scripts LLC and hope that this could be resolved without court intervention.

On January 13, 2020, Defendants served their First Set of Interrogatories and First Set of Requests for Production on Omnicare (*see* D.I. 22). Defendants have raised certain perceived deficiencies with Omnicare's responses and Omnicare will be providing its written position on these matters to counsel for Defendants by March 20, 2020. As previously indicated, the parties hope to resolve their discovery disputes without judicial intervention, but will seek relief from the Court if it proves necessary.

Since the onset of this litigation, the parties have discussed potential settlement terms. These discussions stalled when Omnicare filed the Motion to Dismiss and Motion to Compel. However, the parties recently agreed that such discussions could be reinvigorated if aided by a Magistrate Judge, who might steer the parties toward an amicable resolution. On February 26, 2020, this Court referred the action to Magistrate Judge Hall for the purposes of exploring alternative dispute resolution ("ADR") (D.I. 37), and on February 27, 2020, Magistrate Judge Jennifer L. Hall scheduled a teleconference to explore ADR. The parties are hopeful that, with Judge Hall's assistance, this matter may be resolved. To facilitate the mediation process, the parties jointly suggest that extending all discovery deadlines by 90 days would be appropriate.

    Respectfully submitted,

    */s/ William J. Burton*

    William J. Burton (No. 6243)

cc:    Justin Kerner, Esquire (via CM/ECF)
       James Tobia, Esquire (via CM/ECF)
       Shneur Nathan, Esquire (via CM/ECF)